UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK JAMES SAVOY**<br>      **LA. DOC #580262**<br>VS. | **CIVIL ACTION NO. 6:15-0398**<br><br>**SECTION P**<br><br>**JUDGE DOHERTY** |
| **ROBERT TANNER, WARDEN ELAYN HUNT**<br>**CORRECTIONAL CENTER** | **MAGISTRATE JUDGE HILL** |

## MEMORANDUM ORDER

Before the court is a letter filed by *pro se* petitioner Mark James Savoy in connection with his petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 which has been construed as a Motion. [rec. doc. 9]. By this Motion, petitioner requests a copy of the entire state court record, including all evidence entered at trial by the State to "upgrade" his charge from Simple Kidnaping to Second Degree Kidnaping, which petitioner believes will support his insufficiency of the evidence and ineffective assistance of counsel claims. In essence, petitioner seeks discovery of the entire state court record, in order comb the record in search of additional support for his claims and arguments. Under the circumstances of this case, petitioner's request can not be permitted.

This Court's record indicates that petitioner has filed an original and a standardized Petition with accompanying briefs and exhibits in which he sets forth the following claims: (1) that there was insufficient evidence to support his convictions; (2) that his right to a speedy trial was violated; (3) that he received ineffective assistance of trial

counsel; and (4) that he received ineffective assistance of appellate counsel . [*See* rec. docs. 1 and 5].

Rule 6 of the Rules Governing §2254 Cases provides in pertinent part:

> **(a) Leave of Court Required**.
> A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . .

The decision as to whether to permit discovery is committed to the sound discretion of the district court. *Clark v. Johnson*, 202 F.3d 760, 765-766 (5th Cir. 2000). Conclusory allegations are not enough to warrant discovery; the petitioner must set forth specific allegations of fact. *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994). Moreover, Rule 6, which permits the district court to order discovery on good cause shown, does not authorize fishing expeditions. *Ward,* 21 F.3d at 1367. Succinctly stated, "*Habeas corpus* is not a general form of relief for those who seek to explore their case in search of its existence." *Id*.

The Court has not yet completed initial review of petitioner's claims, and accordingly, the State has not yet been ordered to respond to petitioner's claims.[1] At this stage of the proceedings, petitioner's request is therefore premature. Further, review of petitioner's pleadings reveals that petitioner has more than adequately presented his claims to this Court, citing jurisprudence in support of same. Thus, good cause has not been demonstrated.

---

[1] Before reaching the merits of a *habeas* claim, a preliminary review of the pleadings and exhibits is conducted in order to determine whether the petitioner has exhausted all available state remedies prior to filing his petition in federal court; whether the petition is time-barred by the provisions of 28 U.S.C. § 2244(d); and, whether any of the claims raised are subject to the procedural default doctrine.

In sum, under these circumstances of this case, discovery, and more specifically, the production of the entire state court record and evidence admitted at trial, is not warranted.  It appears clear that this request is premature at this time.  Further, it appears that petitioner merely wishes to engage in a fishing expedition and has not demonstrated good cause for his request.  For these reasons;

Petitioner's  Motion [doc. 9] is **DENIED.**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, April 23, 2015.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE