## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

MARK SAVOY       CIVIL ACTION NO. 6:15-cv-00398
   LA. DOC #580262
VS.          **SECTION P**

          **JUDGE DOHERTY**

WARDEN ROBERT TANNER    MAGISTRATE JUDGE WHITEHURST

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28

U.S.C. § 2254 on February 17, 2015 by *pro se* petitioner Mark Savoy

("Petitioner"). This matter has been referred to the undersigned in accordance with

the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the

following reasons, it is recommended that this *habeas corpus* petition be **DENIED**

**AND DISMISSED WITH PREJUDICE**.

## I. STATEMENT OF THE CASE

Petitioner is an inmate in the custody of the Louisiana Department of

Corrections, incarcerated at Elayn Hunt Correctional Center in St. Gabriel,

Louisiana.  Petitioner attacks his 2011 convictions for second degree kidnaping

and aggravated flight from an officer, for which he was sentenced to 12 years

imprisonment by the Twenty-Seventh Judicial District Court for St. Landry Parish,

Louisiana.

On February 16, 2011, petitioner was convicted of second degree kidnaping and aggravated flight from an officer. On June, 16, 2011, he was sentenced to serve concurrent sentences totaling 12 years. *R. 24-6, pp. 650-682*. Petitioner directly appealed his convictions to the Third Circuit Court of Appeals raising the following *pro se* assignments of error—(1) insufficiency of the evidence; (2) the trial court erred when it denied his motion to quash based on the violation of La.C.Cr.P. art. 578(A)(2) in that more than 2 years elapsed between the institution of prosecution and the trial; and, (3) ineffective assistance of trial counsel. His court-appointed appellate counsel argued a single assignment of error—the trial court erred when it allowed the admission of the victim's two out-of-court statements which were inadmissible hearsay and which deprived petitioner of his Sixth Amendment right to confront and cross-examine his accuser. On April 4, 2012, the Third Circuit court of Appeals affirmed petitioner's convictions and sentences in a unpublished opinion. *State of Louisiana v. Mark James Savoy*, 2011-1041 (La.App. 3 Cir. 4/4/2012). *R. 24-7, pp. 754–780*.

On November 5, 2012, Petitioner filed his first application for post-conviction relief in the Twenty-seventh Judicial District Court. He raised two claims for relief—(1) his right to a speedy trial was violated by the four year delay

2

between arraignment and trial; and (2) ineffective assistance of counsel for failing to file a motion to suppress, for failing to investigate, and for failing to call a witness. *R. 24-7, pp. 846-853.* On December 5, 2012, the trial court denied petitioner's Application with reasons. *R. 24-8, pp. 1044-45.* Petitioner filed another writ application in the Third Circuit Court of Appeal on January 7, 2013, Docket  No. KH 13-00014. Thereafter, petitioner filed a Notice of Appeal seeking review of the denial of his post-conviction application. On March 6, 2013, the Third Circuit, noting that a judgment dismissing an application for post-conviction relief is non-appealable pursuant to La.C.Cr.P. art. 930.6, dismissed the appeal and directed Petitioner to seek supervisory writs within 30 days. *R. 24-10, pp. 1515 - 1517; State of Louisiana v. Mark James Savoy*, 2013-0078, 110 So.3d 293 (La. App. 3 Cir. 3/6/2013). On April 2, 2013, Petitioner filed a writ application in the Third Circuit. *R. 24-10, p. 1605.* On June 21, 2013, the Third Circuit denied writs finding that petitioner's speedy trial rights were not violated. *R. 24-10, pp. 1610-1611.* The court noted that Petitioner's claims regarding ineffective assistance of counsel were not properly before the court because the specific claims "were not first raised in the trial court or properly detailed." *Id.* The Third Circuit also declined review of Petitioner's claims concerning an amendment of the indictment, vindictive prosecution, *Brady* material, confrontation clause errors and

3

credibility regarding a 911 call because those claims were also not presented in the application filed in the trial court." *See State of Louisiana v. Mark James Savoy*, No. KH 13-00014 (La. App. 3 Cir. 6/21/2013). *Id.*

On December 14, 2012, Petitioner filed a *pro se* "Motion to Vacate Conviction and Sentence on the Grounds of a Biased Judge and Prosecutor Misconduct and Unethical Practices." *R. 24-7, pp. 897- 905.* His motion was denied on January 14, 2013. *R. 24-14, p. 2589*. Petitioner filed another writ application in the Third Circuit on January 30, 2013. That pleading sought review of the trial court's denial of his *pro se* "Motion to Vacate Conviction and Sentence on the Grounds of a Biased Judge and Prosecutor Misconduct and Unethical Practice." On June 27, 2013, the Third Circuit denied writs noting that petitioner's claims were not raised in the trial court and therefore were not considered. *State of Louisiana v. Mark James Savoy*, No. KH 13-00096, *R. 24-14, p. 2573*.

Thereafter, in a pleading post-marked July 18, 2013 and received on July 22, 2013, petitioner sought review in the Louisiana Supreme Court. *R. 24-15, p. 2828-2847*. On February 14, 2014, Petitioner's writ application was denied without comment. *State of Louisiana ex rel. Mark Savoy v. State of Louisiana,* 132 So.3d 404 (La. 2/14/2014). *R. 24-15, p. 2968*.

On August 7, 2013, Petitioner filed a *pro se* Motion to Vacate Illegal

4

Conviction and Sentence in the District Court based on newly discovered evidence. *R. 24-14, pp. 2710-2725.* On September 3, 2013, the trial court denied relief finding petitioner's arguments without merit. *R. 24-14, p. 3333.* On October 16, 2013, petitioner filed an application for writs in the Third Circuit. On February 14, 2014, the Third Circuit noted that Petitioner's motion "alleged no illegality in his sentence" and construed the pleading as a second application for post-conviction relief. The court denied Petitioner's claims of ineffective assistance of counsel and timeliness of prosecution as repetitive pursuant to La.C.Cr.P art. 930.4. The court further ruled that the admission of the 911 tape was not erroneous and therefore the trial court's denial of the application for post-conviction relief was not erroneous. *State of Louisiana v. Mark James Savoy,* No. KH 13-01183. *R. 24-15, pp. 2852-53.* Petitioner sought further review in the Louisiana Supreme Court and on November 21, 2014, Petitioner's writ application was denied without comment. *State of Louisiana v. Mark James Savoy,* 2014-KH-0581 – So. 3d – (La. 11/21.2014). *R. 24-25, p. 2824.*

Petitioner filed the instant petition on February 17, 2015, raising the following claims for relief: (1) Insufficiency of the evidence; (2) Violation of the right to a speedy trial; (3) Ineffective assistance of trial counsel; and (4) Ineffective assistance of appellate counsel. *R. 1-2.* The State concedes that

5

Petitioner's application seeking habeas relief is timely and conforms to the statutory requirements of 28 U.S.C. § 2244 (d)(1)(A). Claim two is properly exhausted but the State argues that Claims one, three and four are in procedural default. *R. 24*.

## II. LAW AND ANALYSIS

### A.  Standard of Review

This *habeas* petition was filed on March 25, 2014; therefore the standard of review is set forth in 28 U.S.C. § 2254(d), as amended in 1996 by the Antiterrorism and Effective Death Penalty Act (AEDPA)[1].  *Knox v. Johnson,* 224 F.3d 470, 476 (5th Cir. 2000).  AEDPA substantially restricts the scope of federal review of state criminal court proceedings in the interests of federalism, comity, and finality of judgments.  *Montoya*, 226 F.3d at 403-04 (*citing Teague v. Lane,* 489 U.S. 288, 306 (1989) and *Williams v. Taylor,* 529 U.S. 362 (2000)) (noting that AEDPA "placed a new restriction on the power of federal courts to grant writs of *habeas corpus* to state prisoners").

---

[1] Before enactment of AEDPA, "a federal court entertaining a state prisoner's application for *habeas* relief   . . .   exercise[d] its independent judgment when deciding both questions of constitutional law and mixed constitutional questions (i.e., application of constitutional law to fact).  In other words, a federal *habeas* court owed no deference to a state court's resolution of such questions of law or mixed questions."  *Montoya v. Johnson,* 226 F.3d 399, 403-04 (5th Cir. 2000) (citing *Williams v. Taylor,* 529 U.S. 362(2000) and 28 U.S.C. S 2254(d).

Title 28 U.S.C. § 2254(d) as amended, states as follows:

**(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the deferential scheme of § 2254(d), as amended, this court must give deference to a state court decision for "any claim that was adjudicated on the merits in State court proceedings" unless the decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

A *habeas* petitioner has the burden under AEDPA to prove that he is entitled to relief. *Orman v. Cain*, 228 F.3d 616, 619 (5th Cir. 2000) (citing *Williams,* 120 S.Ct. at 1518). Under § 2254(d), as amended, "[t]he federal courts no longer have a roving commission to discern and 'correct' error in state court

proceedings, but must exercise a more limited review . . . ." *Grandison v. Corcoran*, 78 F.Supp.2d 499, 502 (D. Md. 2000). Federal courts may not grant the writ merely on a finding of error by a state court or on a finding of mere disagreement with the state court. *Montoya,* 226 F.3d at 404.

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a  set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000). "The 'contrary to' requirement 'refers to holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision.'" *Dowthitt,* 230 F.3d at 740.

Under the "unreasonable application" clause, a federal *habeas* court may grant the writ only if the state court "identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Dowthitt,* 230 F.3d at 741. The standard is one of objective reasonableness. *Montoya,* 226 F.3d at 404. A federal *habeas* court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. . . [r]ather, that application must

also be unreasonable." *Williams,* 120 S.Ct. at 1522.

Section 2254(d)(2) speaks to factual determinations made by the state courts.  *Dowthitt,* 230 F.3d at 741.  Federal *habeas* courts presume such determinations to be correct; however, the petitioner can rebut this presumption by clear and convincing evidence.  *Id.*  Thus, this court must defer to the state court's decision unless it was based on an unreasonable determination of the facts in light of the record of the State court proceeding.  *Id.* (citing 28 U.S.C. § 2254(d)(2)); *Knox,* 224 F.3d at 476.

In sum, "[a] state court's determination that a claim lacks merit precludes federal *habeas* relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86 (2011). Thus, under § 2254(d), "[a]s a condition for obtaining *habeas corpus* from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 102–103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102.

## B. Exhaustion and "Technical" Procedural Default

The scope of federal habeas review is limited by the intertwined doctrines of

procedural default and exhaustion. Procedural default exists where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, ("traditional" procedural default), or (2) the petitioner fails to properly exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred, ("technical" procedural default). In either instance, the petitioner is deemed to have forfeited his federal habeas claim. *Bledsue v. Johnson*, 188 F.3d 250, 254–55 (5th Cir.1999).

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509 (1982); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999).

In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir.2001). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998). In Louisiana, the highest court is the Louisiana Supreme

Court.

Thus, in order for a Louisiana prisoner to have exhausted his state court remedies, he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997). Failure to exhaust all remedies for a particular claim results in that claim being denied as procedurally defaulted. "Procedural default exists where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, or (2) the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991). In either instance, the petitioner is deemed to have forfeited his federal have as claim. *Bledsue*, 188 F.3d at 254.

### i. Claim One

Petitioner asserts a claim for insufficiency of the evidence in Claim One which is undisputedly exhausted. However, Petitioner also contends in Claim One that the amendment of the bill of information from three counts for aggravated kidnaping to three counts of simple kidnaping and aggravated flight from an officer created a "defect in the indictment" and constituted double jeopardy. *R. 1-*

*2.* While the State concedes that Petitioner "did exhaust and fairly present his insufficiency of the evidence claim throughout the state courts," it argues that the allegation of a defect in the indictment should be procedurally defaulted due to Petitioner's failure to raise the issue with the trial court as it is raised in this motion.

As provided in the foregoing history of Petitioner's direct appeals and post conviction relief, Petitioner failed to raise the instant claim of a "defect in the Bill of Information" with the trial court. While Petitioner did present the argument with the appellate court and Supreme Court, the Louisiana Third Circuit Court of Appeal specifically denied Petitioner's claim regarding the amendment of the original indictment in its June 21, 2013 writ denial because Petitioner failed to raise the claim in his application for post-conviction relief. *R. 24-10, p. 1610-1611.* The Supreme Court denied Petitioner's writ application without comment on February 14, 2014. *R. 24-16, p. 2968*. Thus, the Court finds that Petitioner's allegation of defect in the indictment is procedurally defaulted and will address only the insufficiency of the evidence in Claim One.

### ii. Claims Three and Four

The State further contends that Claims Three and Four, ineffective assistance of trial counsel and appellate counsel are procedurally defaulted. In

Claim Three, Petitioner asserts a claim for ineffective assistance against his trial counsel for: (1) failing to file a motion to quash, (2) not seeking writs to the Third Circuit for the denial of violation of speedy trial, and (3) not objecting to the use of inadmissable evidence.  In Claim Four, Petitioner contends his appellate counsel was ineffective for failing to raise additional allegations of error which should have been raised.

The State argues that while Petitioner did raise an ineffective assistance of counsel claim in all state courts, he did not argue the same allegations raised in Claims Three and Four before all state courts. In particular, the State contends none of the subparts raised in Claim Three were specifically raised with the Third Circuit or Supreme Court, and the allegation of ineffective assistance of appellate counsel in Claim Four was raised in the Third Circuit and Supreme Court, but was not raised with the trial court. For these reasons, the State asserts that Petitioner's ineffective assistance of counsel claims are not procedurally exhausted.

Petitioner made extensive filings with multiple ineffective assistance of counsel claims. As far as the Court can determine from the record, in his direct appeal to the Third Circuit Petitioner's petition included a claim for ineffective assistance of counsel for failing to file a preliminary examination or motion to suppress the evidence. *R. 24-6, pp. 690-703.* In affirming Petitioner's conviction,

the Third Circuit stated "defendant does not specify the acts or omissions by his two defense counsels that caused him prejudice, nor does he state what other motions should have been filed... [or] how a preliminary hearing would have affected the outcome of the trial." *R. 24-7, pp. 754-780.* Petitioner later raised post conviction ineffective assistance of counsel claims in the trial court which included failure to file a motion to suppress, failure to investigate and failure to call witnesses. *R. 24-8, pp. 1044-1045.* However, because Petitioner made multiple filings with a number of different ineffective assistance of counsel claims, the Court cannot determine whether or not any of the claims were raised in all state courts. Accordingly, the Court will address both Claim Three and Claim Four in their entirety.

### C. Sufficiency of the Evidence and Defect in the Indictment - Claim One

Petitioner asserts in Claim One that there was insufficient evidence to support his conviction for second degree kidnaping and aggravated flight from an officer. In support of his claim, Petitioner asserts that no direct evidence exists to support his commission of the offenses for which he has been convicted. He asserts that the convictions were based solely on circumstantial evidence.

The claim presented to this Court is the same as that presented to the Louisiana Third Circuit Court of Appeal on direct appeal. In rejecting this claim,

14

the Third Circuit extensively analyzed the evidence presented at trial, and found

that the evidence was sufficient to support Petitioner's conviction under the federal

standard set forth by the United States Supreme Court in *Jackson v. Virginia*:

> When the issue of sufficiency of evidence is raised on appeal, the
> critical inquiry of the reviewing court is whether, after viewing the
> evidence in the light most favorable to the prosecution, any rational
> trier of fact could have found the essential elements of the crime
> proven beyond a reasonable doubt. [ *Jackson v. Virginia*, 443 U.S.
> 307 (1979)*; State v. Duncan*, 420 So.2d 1105 (La. 1982).] It is the
> role of the fact finder to weigh the respective credibility of the
> witnesses, and therefore, the appellate court should not second guess
> the credibility determinations of the triers of fact beyond the
> sufficiency evaluations under the *Jackson* standard of review. In
> order for this Court to affirm a conviction, however, the record must
> reflect that the state has satisfied its burden of proving the elements of
> the crime beyond a reasonable doubt.

In finding that any rational trier of fact could have found the essential

elements of both the second degree kidnaping claim and the aggravated flight from

an officer had been proven beyond a reasonable doubt, the appellate court cited

specific evidence presented at trial:

> To convict the defendant of [second degree kidnaping, La.R.S. art.
> 14:44.1], the state was required to establish, beyond a reasonable
> doubt, that the defendant forcibly seized and carried his victim from
> one place to another, and that either he was armed with a dangerous
> weapon or his victim was injured, or both. Clearly, the state met its
> burden of proof on this offense.
>
> In her written statements, the victim stated that the defendant forced
> her to accompany him, first while armed with a handgun and then

with both physical violence and treats of physical violence. To suggest that she went voluntarily, while completely naked, lacks any believability.... The evidence establishes that the defendant operated his vehicle on the highways at speeds in excess of 120 miles per hour and that he reckless left the main highway on more than one occasion. Additionally, the victim's statement asserts that the defendant threatened to kill her and her children by striking a tree or another vehicle a a high rate of speed.

· · ·

The state's burden in [aggravated flight from an officer] was to prove, beyond a reasonable doubt, that there was a reasonable basis for a police officer or officers to believe that the defendant had committed, was committing, or was about to commit an offense; that he then intentionally refused to stop is vehicle after being given a visual and audible signal to stop by a police officer; and that he failed to do so where human life was endangered. La.R.S. 14:108.1.

Certainly, a rational trier of fact could conclude that the police officers had a reasonable basis to believe that an offense was being committed when confronted with the 911 call to the St. Landry Parish Call Center. *See* La.Code Crim.P. art. 215.1(A).  Additionally, both Sergeant Etienne and Officer Levier testified that they attempted to pull the defendant over, signaling him to do so with their police unit lights and sirens. Sergeant Etienne testified that the defendant reached speeds of 115 miles per hour during the participation in the chase, and Officer Levier described a chase sometimes exceeding 120 miles per hour. Additionally, both officers testified to instances where the defendant left the main highway, traversed the embankment separating the highway form the service road, and then returned to the highway... the defendant's careless operation of the car endangered everyone nearby: the victim, her two children, other drivers on the highways, and the police officers themselves.

The standard for reviewing the sufficiency of the evidence is whether,

16

viewing the evidence in the light most favorable to the government, any rational

trier of fact could have found the essential elements of the crime beyond a

reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Gibson v. Collins,*

947 F.2d 780, 781 (5ᵗʰ Cir. 1991) (quoting *Jackson*, 443 U.S. at 319). Thus, a

federal court "may find the evidence sufficient to support a conviction even

though the facts also support one or more reasonable hypotheses consistent with

the defendant's claim of innocence." *Gibson*, 947 F.2d at 783. Stated differently,

an applicant is entitled to habeas corpus relief only if it is found that "no rational

trier of fact could have found proof of guilt beyond a reasonable doubt." *Id*.

(citing *Jackson*, 443 U.S. at 324); *West v. Johnson*, 92 F.3d 1385, 1393 (5ᵗʰ Cir.

1996) (citing *Jackson*, at 322-26).

   This court applies the *Jackson* standard "giving great weight to the state

court's determination." *Gibson*, 947 F.2d at 782, 786. Both direct and

circumstantial evidence can contribute to the sufficiency of the evidence

underlying the conviction. *Schrader v. Whitley*, 904 F.2d 282, 287 (5ᵗʰ Cir. 1990)

(citing *Jackson* at 319, 324-25). The fact that most of the evidence against a

defendant was circumstantial does not change the standard of review. *United

States v. Zuniga-Salinas*, 945 F.2d 1302, 1305 (5ᵗʰ Cir. 1991).

   Contrary to Petitioner's position, review of the sufficiency of the evidence

does not include review of the weight of the evidence or the credibility of the witnesses, as those determinations are the exclusive province of the jury. *Green v. Johnson*, 160 F.3d 1029, 1047 (5th Cir. 1998); *Jackson*, at 319 (noting that it is the jury's responsibility to "resolve conflicts in testimony, to weigh evidence, and to draw reasonable inferences from basic facts to ultimate facts."). All credibility choices and conflicting inferences are to be resolved in favor of the verdict. *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005). The reviewing court is not authorized to substitute its interpretation of the evidence for that of the fact finder. *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985).

Under the appropriate standard of review, this Court cannot find that the State court's decision was contrary to, or an unreasonable application of, federal law, nor that the State court's factual determinations were unreasonable in light of the State court record. Accordingly, the Third Circuit's decision can not be disturbed and Petitioner's sufficiency of the evidence claim does not warrant federal habeas relief.

### D. Violation of Speedy Trial Rights - Claim Two

Petitioner contends in his second claim that he was denied his right to a speedy trial. The Louisiana Third Circuit Court of Appeal denied that claim on direct appeal, holding:

The defendant asserts in this assignment of error that the trial court erred when it denied his motion to quash the bill of information based on the time limitations set forth in La.Code Crim.P. art. 578(A)(2). He bases his argument on the fact that more than two years lapsed between the institution of prosecution and his trial.

Louisiana Code of Criminal Procedure Article 578(2) provides that in felony cases other than capital cases, such as this, "no trial shall be commenced ... after two years from the date of institution of the prosecution." Institution of prosecution for the purpose of applying the limitation period occurs on the date of filing of the indictment, or the filing of a bill of information, or affidavit, which is designed to serve as the basis of a trial. La.Code Crim. P. art. 934(7).  Whether the time limitation period has been interrupted and/or suspended depends on the preliminary activity between institution of prosecution and trial. Louisiana Code of Criminal Procedure article 580(A) provides:

When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.

The appellate court used the following analysis to find that Petitioner's February trial was within the limitation period: The state initially charged Petitioner with three counts of aggravated kidnaping on March 16, 2007, and initially charged Petitioner with aggravated flight from a police officer on

19

November 7, 2007. Petitioner filed a motion to change venue on December 15,

2008—within the two-year period. The trial court rejected this motion on March

19, 2009. Under article 580(A), the motion for change of venue, suspended the

limitation period until March 19, 2009. *See State v. Rome,* 630 So.2d 1284 (La.

1994). Thus, the state had one year from that date to commence the trial.

However, Petitioner then filed a motion to quash on July 6, 2009 and the trial

court rejected that motion on February 2, 2010, after a January 21, 2010 hearing.

This action by Petitioner again extended the period for beginning trial to February

2, 2011. Thus, the February 1, 2011 trial was within the one-year period allowed

by article 580(A). *R. 24-7, pp. 757-758.*

Accordingly, Petitioner's Claim Two is without merit.

### E. Ineffective Assistance of Counsel - Claim Three and Claim Four

Petitioner raises an ineffective assistance of counsel argument in Claim

Three and in Claim Four. While the Court has found that both claims are likely

procedurally defaulted for failure to exhaust, the Court will address  Claim Three

and Claim Four as follows**:**

To prevail on an ineffective assistance of counsel claim, a petitioner must

establish that (1) his attorney's representation fell below an objective standard of

reasonableness; and (2) there is a reasonable probability that, but for counsel's

deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984).

The burden is on the petitioner to show that counsel's representation fell below an objective standard of reasonableness. *Id*. at 688. Judicial scrutiny of counsel's performance must be "highly deferential," and the court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's alleged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689. The court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*.  Thus, this court's review "strongly presum[es] that counsel has exercised reasonable professional judgment." *United States v. Payne*, 99 F.3d 1273, 1282 (5ᵗʰ Cir.1996).

Courts may "not find ineffective assistance of counsel merely because [the court] disagree[s] with counsel's trial strategy." *Crane v. Johnson*, 178 F.3d 309, 312 (5ᵗʰ  Cir.1999). Rather, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious

unfairness." *United States v. Cavitt*, 550 F.3d 430, 440 (5th Cir.2008).

  *Strickland*'s prejudice element requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir.2001). A petitioner must affirmatively prove prejudice. *Earhart v. Johnson*, 132 F.3d 1062,1066 (5th Cir.1998). Self serving conclusory statements that the outcome would have been different "fall far short of satisfying *Strickland'*s prejudice element." *Sayre*, 238 F.3d at 635. Moreover, allegations of a mere possibility of a different outcome are insufficient to establish prejudice. *Lamb v. Johnson*, 179 F.3d 352, 359 (5th Cir.1999).

  Because both *Strickland* factors, that of deficient performance and prejudice, must be satisfied, "an ineffective assistance contention may be rejected on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance." *Strickland*, 466 U.S. at 689–94. Petitioner must satisfy both prongs of *Strickland*, demonstrating both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Green v. Johnson*, 160 F.3d 1029, 1035–36 (5th Cir. 1998). However, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a

constitutional issue." *Green*, 160 F.3d at 1043.

### i. Ineffective assistance of trial counsel - Claim Three

Petitioner claims that he received ineffective assistance of trial counsel because counsel failed to file a motion to quash the bill of information, did not seek writs to the Third Circuit for the denial of a motion for speedy trial, and raised no objections to the use of inadmissible evidence.

The merits of the underlying related claims regarding the validity of the bill of information and the alleged violation of speedy trial  were addressed and denied by the Third Circuit and by the Louisiana Supreme Court on direct appeal and in Petitioner's petition for post-conviction relief. Petitioner has not shown that the decision rejecting these claims was contrary to, or an unreasonable application of, federal law, or that the State court's factual determinations were unreasonable in light of the State court record. Moreover, as previously noted in this opinion, the bill of information was not defective and there was no violation related to speedy trial. Accordingly, Petitioner's claims that his trial counsel should have filed a motion to quash the bill of information or writs to the Third Circuit on the speedy trial issue are without merit.

Petitioner also argues that counsel was ineffective for failing to raise objections to the "use of inadmissible evidence;" however, he does not specify

the "inadmissible evidence" to which he is referencing. Based on its review of the record, the Court assumes Petitioner is referencing the 911 tape and the written and verbal statements of the victim. Petitioner's trial counsel, however, objected to the 911 tape and admissions of the victim's statements. *R. 24-8, pp. 1172-1178, 1233 (Transcript).* Regardless, a counsel's decision as to such objections is considered trial strategy. This Court must give deference to counsel's strategic decisions, and Petitioner has not overcome the strong presumption that counsel's strategy was sound, nor has he shown that counsel's strategy was "so ill chosen that it permeate[d] the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d, 325, 331 (5th Cir.2002); *Jordan v. Wilkinson*, 244 Fed. Appx. 581, 582 (5th Cir.2007) (failure to object to inadmissible hearsay evidence does not rise to Strickland violation without demonstration of prejudice).

### ii.  Ineffective assistance of appellate counsel - Claim Four

Here, Petitioner argues that his appellate counsel failed to raise additional allegations for error he believes should have been raised on direct appeal. The State responds that Petitioner's appellate counsel was "wholly efficient" and Petitioner fails to satisfy either prong of *Strickland*.

The Fifth Circuit has summarized the Court's analysis in reviewing an allegation of ineffective assistance of appellate counsel:

To make out a claim for ineffective assistance of appellate counsel, a defendant must show (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Blanton v. Quarterman*, 543 F.3d 230, 240 (5th Cir.2008) (citing *Strickland*, 466 U.S. at 687) (The *Strickland* standard is used to evaluate claims for ineffective assistance of appellate counsel.). The state post-conviction court rejected Higgins's ineffective assistance of appellate counsel claim, leaving uncertain whether its rejection rested on Strickland v. Washington 's deficiency prong or its prejudice prong. But that issue is of no moment given the Supreme Court's recent decision in *Johnson v. Williams*,  548 U.S. ——, 133 S.Ct. 1088 (2013). Under *Williams*, when a state court rejects some of the defendant's claims but does not expressly address a particular federal claim, a federal habeas court reviewing under § 2254(d) must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. There being no rebuttal here, we assume that the state court adjudicated both the deficiency and prejudice prongs on the merits.

In considering whether the state court's decision constituted an unreasonable application of clearly established federal law, "a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir.2002) (*en banc*). Thus, the focus of the "unreasonable application" inquiry is "on the ultimate legal conclusion that the state court reached," and "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Id.* In conducting that inquiry, "a habeas court must determine what arguments or theories supported or, ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme Court]."

Petitioner fails to ascertain with any particularity how counsel's failure to

raise additional grounds would have changed the outcome of the trial or appeal, and he fails to consider that this was mere strategy on behalf of appellate counsel. Here appellate counsel filed a direct appeal as well as a Motion For New Trial that was argued before the trial court. *R. 24-6, pp. 537-550*.

"Under well-established principles, appellate counsel need not 'raise every non-frivolous ground of appeal available' in order to be effective. Instead, appellate counsel's failure to raise an argument on direct appeal will be considered ineffective only when counsel fails to perform 'in a reasonably effective manner.' This standard requires that appellate counsel 'research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful.' 'Solid, meritorious arguments based on directly controlling precedent should be brought to the court's attention.'" *Higgins*, 720 F.3d at 265.

Here, as in *Higgins*, Petitioner offered no evidence that his appellate counsel failed to investigate the objections he alleged should have been raised. Without showing "whether appellate counsel contacted trial counsel, inquired about the []objections, decided those arguments would not succeed on direct appeal, and thus did not request the transcript," Petitioner can not show that appellate counsel's actions or inactions were unreasonable. *Id.* at 262.

26

### III. CONCLUSION

For the reasons set forth above;

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A  party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the

United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §  2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana this 26th day of July, 2016.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**